*G. E. Roe, for appellant.*

———, *for appellee.*

---

### WILLIAM T. McNEES *v.* J. J. PARRISH.

**Set-Off and Counter Claim, Action on Contract.**

By the terms of the contract McNees agreed unconditionally to pay for the completion of the building the sum of $2,500.00. No mention is made of any claim set up, or to be set up by him for old lumber or brick sold prior to that time by the original contractor.

### APPEAL FROM HARRISON CIRCUIT COURT.

June 16, 1871.

OPINION BY JUDGE LINDSEY:

By the terms of the contract executed on the 29th of March, 1869, McNees agreed unconditionally to pay for the completion

of the building the sum of two thousand five hundred dollars. No mention whatever is made of any claim set up, or to be set up, by him for old lumber or brick sold prior to that time by the original contractor, Dill. It follows therefore that he could not successfully assert any such claim as a set-off in this action, even if it be conceded that Dill and Parrish were partners, without alleging and proving that upon a settlement of their partnership there would be a balance due to Dill, which amount he might have been allowed to retain on account of any debt owing by Dill to him. But the pleadings raise no such issue, and therefore his claim on account of said old brick was properly disallowed.

The court properly excluded the deposition of Dill. Although he may have had no real interest in the controversy, he was a party to the contract, and was liable to McNees for costs. His evidence being excluded, the credit to McNees on account of the claim of Shannon & Co. cannot be disturbed. The answer of Dill makes him a party to this suit, and hence the judgment is upon him. For this reason McNees cannot be prejudiced by the failure of Parrish to join Dill with him as a co-plaintiff.

Judgment *affirmed* on both original and cross-appeal.

*Trimble, for appellant.*

*Cleary & West, for appellee.*